**Niki-Alexander SHETTY, FKA Satish Shetty, Plaintiff-Appellant,**

v.

**Michael Allen LEWIS; et al., Defendants-Appellees.**

No. 17-15656

United States Court of Appeals, Ninth Circuit.

Submitted November 15, 2017 *

Filed November 21, 2017

Niki-Alexander Shetty, Pro Se

Sally A. Williams, Esquire, Attorney, Law Office of Sally A. Williams, Santa Cruz, CA, for Defendants-Appellees Michael Allen Lewis, M. Lewis, Inc.

Glenn Wechsler, Law Offices of Glenn H. Wechsler, Walnut Creek, CA, for Defendant-Appellee First American Title Company

Before: CANBY, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Niki-Alexander Shetty, FKA Satish Shetty, appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims relating to a mortgage loan on real property obtained by third-party borrowers. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismiss-al under Federal Rule of Civil Procedure 19. *Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012). We affirm.

The district court did not abuse its discretion in dismissing Shetty's action for failure to join Maria Elena Martinez and Heriberto Martinez because the Martinezes, as the borrowers of mortgages on the subject property, are required parties. *See id.* (describing bases for concluding a party is required to join (citing Fed. R. Civ. P. 19(a)).

The district court did not abuse its discretion by taking judicial notice of certain public records and bankruptcy court documents, and considering documents referenced in Shetty's complaint without converting defendants' motions to dismiss into motions for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (setting forth standard of review, and describing documents that a district court may take judicial notice of when ruling on a Rule 12(b)(6) motion).

We reject as unsupported by the record Shetty's contention that the district judge denied his rights to due process and equal protection.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.